This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40067

ANDRAS SZANTHO, as Personal Representative
of the Wrongful Death ESTATE OF DIANE
WILKINS,

      Plaintiff-Appellee,

v.

PEAK MEDICAL NEW MEXICO NO. 3,
LLC d/b/a RIO RANCHO CENTER; GENESIS
HEALTHCARE, LLC; SUMMIT CARE, LLC;
SILLED HEALTHCARE, LLC; GEN
OPERATIONS I, LLC; GEN OPERATIONS
II, LLC; and GHC HOLDINGS II, LLC,

      Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Brian P. Biedscheid, District Court Judge**

Ron Bell Injury Lawyers
Lee Coleman
Albuquerque, NM

Reddick Law, PLLC
Brian D. Reddick
Robert W. Francis
Matthew D. Swindle
Little Rock, AR

for Appellee

Quintairos, Prieto, Wood & Boyer, P.A.
Frank Alvarez
Dallas, TX

for Appellants

**MEMORANDUM OPINION**

**BLACK, Judge Pro Tem.**

**{1}** This appeal concerns the validity and enforceability of two mandatory arbitration agreements signed on behalf of the deceased Diane Wilkins for her admission to the Rio Rancho Center, a skilled nursing and therapy rehabilitation center. Plaintiff Andras Szanthos, as personal representative of the estate of Ms. Wilkins, contested the legal validity and enforceability of the arbitration agreements based on the substantive unconscionability allegedly created by the carve-out provision permitted for small claims. Defendants Peak Medical New Mexico No. 3, LLC, along with various associated corporate entities affiliated with Rio Rancho Center (collectively, Defendants) appeal and contest the district court's order denying their motion seeking to compel arbitration and rather compelling discovery and evidentiary briefing on the substantive unconscionability issue. We reverse and remand with directions to refer the case to arbitration.

**BACKGROUND**

**{2}** Ms. Wilkins was a resident of the Rio Rancho Center on various dates from February 18, 2018 to March 26, 2018. At the time of her first admission on February 21, 2018, Ms. Wilkins signed a "Resident Representative Designation," which appointed her daughter, Amanda Wilkins, to act on her behalf. On two occasions after Ms. Wilkin's admission, her daughter signed admission packets, which included Voluntary Binding Arbitration Agreements (Agreements). The Agreements were entirely voluntary, stating multiple times that Ms. Wilkins would still receive appropriate services even if the Agreements were rejected. The Agreements provide in relevant part:

> **2. Disputes to be Arbitrated** Any and all claims or controversies arising out of or in any way relating to this Agreement or the Patient's stay at the Center, including all prior stays at the Center, including disputes regarding interpretation and/or enforceability of this Agreement, whether arising out of state or federal law, whether existing now or arising in the future, whether for statutory, compensatory or punitive damages and whether sounding in breach of contract, negligence, tort or breach of statutory duties (including, without limitation, claims based on personal injury or death), regardless of the basis for any duty or of the legal theories upon which the claim is asserted, shall be submitted to binding arbitration. However, where the amount in controversy does not exceed the amount provided by state law for the jurisdiction of the small claims court, at the Patient's or Center's option, such dispute may be heard in small claims court.

**{3}**     Each Agreement clearly advised of the right to have them reviewed by an attorney and stated clearly that Ms. Wilkins had the option of revoking the Agreements within thirty days of signing. Neither Agreement was revoked. Finally, each of the agreements also contained the following in bold all capital letters:

> **THE PARTIES CONFIRM THAT EACH OF THEM HAS READ <u>ALL 4 PAGES OF THIS AGREEMENT,</u> HAS HAD AN OPPORTUNITY TO ASK QUESTIONS ABOUT THIS AGREEMENT, VOLUNTARILY INTENDS TO BE LEGALLY BOUND AND UNDERSTANDS THAT BY SIGNING BELOW, EACH OF THEM HAS WAIVED THE RIGHT TO A TRIAL BY JUDGE OR JURY, EACH OF THEM CONSENTS TO ALL TERMS OF THIS AGREEMENT AND EACH OF THEM UNDERSTANDS THAT THIS AGREEMENT IS VOLUNTARY AND IS NOT A PRECONDITION TO RECEIVING SERVICES AT THE CENTER.**

**{4}**     On March 27, 2018, Ms. Wilkins died due to septic shock and respiratory failure.

**{5}**     Mr. Szanthos as personal representative of Ms. Wilkins's estate filed a complaint against Defendants on October 23, 2018, alleging wrongful death, negligence, and unfair trade practices. Defendants timely filed a motion to dismiss and compel arbitration based on the Agreements previously signed on behalf of Ms. Wilkins and argued that the Agreements' delegation clause required that any questions of enforceability—including unconscionability—be decided by arbitration. In response to Defendants' motion, Plaintiff challenged the Agreements on the basis that they "lack[ed] mutuality of obligation" due to the carve-out exclusion of claims, which could optionally be brought in small claims court, were substantively unconscionable and unenforceable as a whole, and the district court had jurisdiction to decide "the [e]nforceability [i]ssue."

**{6}**     At the hearing on Defendants' motion, the district court voiced its decision to follow our then recent opinion in *Peavy v. Skilled Healthcare Group*, A-1-CA-35494, mem. op. (N.M. Ct. App. Oct. 22, 2018) (nonprecedential), and denied Defendants' motion to compel arbitration. The district court reasoned that *Peavy* required the parties to conduct discovery to determine whether the small claims court exclusion was unconscionably one-sided in its likely application. In the order denying arbitration, the district court initially ruled that the motion was denied without prejudice pending an evidentiary hearing on the issue of whether the arbitration agreement was unfairly one-sided.

**{7}**     Defendants filed a motion for reconsideration of their motion to dismiss and compel arbitration. An oral hearing was initially set for January 30, 2020, but the district court issued a written order on January 21, 2020, vacating the hearing and denying Defendants' motion for reconsideration without a hearing.

**{8}**     Pursuant to the district court's order, appealed herein, the parties engaged in discovery on the issue of substantive unconscionability. The district court then granted

the parties' request to submit this issue of substantive unconscionability on written briefs.

**{9}** On June 23, 2021, Defendants filed a supplemental motion to compel arbitration focusing on the issue of substantive unconscionability. On September 14, 2021, the district court held a hearing on Defendants' supplemental motion. The court again voiced its decision to follow its interpretation of *Peavy* and denied Defendants' motion to dismiss and compel arbitration and the supplemental motion to compel arbitration on the basis that the Agreements were unfairly one-sided so as to make it substantively unconscionable. The district court reasoned that the claims Plaintiff is most likely to bring were excluded from arbitration. The district court filed the order denying Defendants' motion to compel arbitration and supplemental motion to compel arbitration on September 24, 2021.

## DISCUSSION

### I. Standard of Review

**{10}** "[W]hether the parties have agreed to arbitrate presents a question of law, and [appellate courts] review the applicability and construction of a contractual provision requiring arbitration de novo." *Cordova v. World Fin. Corp. of N.M.*, 2009-NMSC-021, ¶ 11, 146 N.M. 256, 208 P.3d 901 (internal quotation marks and citation omitted). Appellate courts also apply a de novo standard of review to a district court's denial of a motion to compel arbitration. *Lopez v. Transitional Hosp. of N.M., LLC*, 2023-NMCA-058, ¶ 4, 534 P.3d 1030; *see Piano v. Premier Distrib. Co.*, 2005-NMCA-018, ¶ 4, 137 N.M. 57, 107 P.3d 11 (same); *Heye v. Am. Golf Corp.*, 2003-NMCA-138, ¶ 4, 134 N.M. 558, 80 P.3d 495 (same).

**{11}** When a party agrees to a nonjudicial forum for dispute resolution, it should be held to that agreement so long as the agreement is voluntary and not substantively or procedurally unconscionable. *See Juarez v. THI of N.M. at Sunset Villa, LLC*, 2022-NMCA-056, ¶¶ 13, 27 40, 517 P.3d 918. Plaintiff asserted that the Agreements were facially one-sided, in that either party can exclude from arbitration all claims where the amount in controversy does not exceed $10,000 but the effect of the provision is that Defendants' most likely claims can be brought to court and Plaintiff's most likely claims will be subject to arbitration. Plaintiff thus has the burden of proof to establish substantive unconscionability. *See Strausberg v. Laurel Healthcare Providers, LLC*, 2013-NMSC-032, ¶ 40, 304 P.3d 409 (stating that, because unconscionability is an affirmative contract defense, the party alleging unconscionability bears the burden of proof).

### II. Plaintiff Must Specifically Challenge the Delegation Clause

**{12}** Plaintiff admits to challenging the delegation clause only by generally challenging the total arbitration clause as unconscionable. In *Juarez*, this Court noted that the plaintiff's argument was "challenging the contract as a whole and [was] not clearly

directed against the validity of the delegation clause alone," 2022-NMCA-056, ¶ 38 (internal quotation marks and citation omitted) as required by *Felts v. CLK Management, Incorporated*, 2011-NMCA-062, 149 N.M. 681, 254 P.3d 124. This Court then quoted the United States Supreme Court in *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 70 (2010) in opining that "challenges [to] the contract as a whole" are not "relevant to a court's determination whether the arbitration agreement at issue is enforceable." *Juarez*, 2022-NMCA-056, ¶ 38.

**{13}** Here, Plaintiff argues that her general unconscionability challenge to the arbitration provision in the Agreements is a sufficient challenge to the delegation provision, relying on *Felts* and federal cases from the United States Court of Appeals for the Third and Fourth Circuits. Such reliance is misplaced. Both the federal district court for New Mexico and this Court, however, have decided against different plaintiffs on virtually identical language and facts as presented here.

**{14}** In *Evangelical Lutheran Good Samaritan Society v. Moreno*, 277 F. Supp. 3d 1191, 1198 (D.N.M. 2017), the court noted that the delegation clause, similar to that at bar, gave the arbitrator the "exclusive authority to resolve any disputes related to the existence and/or enforceability of" the arbitration agreement. As here, the plaintiff challenged the entire arbitration agreement, inter alia, on the ground it was unconscionable because it only relegated plaintiff's, but not defendant's, most likely causes of action to arbitration. *Id.* at 1202. Recognizing the authority of *Rent-A-Center*, the court found that the party challenging the delegation clause must do so specifically otherwise the court "'must treat the delegation clause as valid and enforce it.'" *Moreno*, 277 F. Supp. 3d at 1212 (quoting *Rent-A-Center*, 561 U.S. at 70) (alteration omitted). Finding no such specific objection to the delegation clause, the court dismissed the plaintiff's challenge and referred the case to arbitration. *See id.* at 1227, 1239; *see also Casa Arena Blanca LLC v. Green*, No. 1:20-CV-00314-JCH-SCY, 2022 WL 839800, at *5 (10th Cir. Mar. 22, 2022).

**{15}** This Court recently considered virtually identical arbitration language in a similar factual setting in *Green v. St. Theresa Healthcare and Rehabilitation Center, LLC*, A-1-CA-40157, mem. op. (N.M. Ct. App. July 13, 2023) (nonprecedential). Indeed, several of the defendants in the combined cases reviewed by this Court in *Green* are also defendants in the present case.[1] As here, the arbitration agreement contained the following language: "[A]ny and all claims or controversies arising out of or in any way relating to this [a]greement or the patient's stay at the center . . . including disputes regarding interpretation and/or enforceability of this [a]greement . . . shall be submitted to binding arbitration." *Id.* ¶ 3 (internal quotation marks omitted).

**{16}** "[I]n cases where a delegation provision granting an arbitrator the authority to determine the validity of an arbitration agreement exists, a district court is precluded from deciding a party's claim of unconscionability unless that claim is based on the alleged unconscionability of the delegation provision itself." *Felts*, 2011-NMCA-062, ¶

---

[1]Some of these defendants include Genesis Healthcare, LLC; Summit Care, LLC; Skilled Healthcare, LLC; Gen Operations I, LLC; Gen Operations II, LLC; and another subsidiary of Peak Medical.

20. While the parties may agree to delegate these issues to the arbitrator through a delegation clause, the delegation provision can be found inapplicable only if a party has made a specific challenge to the delegation clause. *Id.*

**{17}** In *Green*, we began, therefore, by analyzing the delegation clause to determine what *was* delegated to the arbitrator. On virtually identical language to that herein, the *Green* court recognized that "the delegation clause clearly delegates threshold matters of arbitrability to arbitration." A-1-CA-40157, mem. op. ¶ 9. This Court stated, "The next step in our analysis requires that [the p]laintiffs specifically challenged the delegation clause in order to give the district court authority to make such threshold determinations." *Id.* ¶ 10. In finding that the district court in one of the combined cases lacked the necessity and authority to take evidence on the one-sidedness of the agreement, Judge Hanisee, writing for the Court, reasoned:

> The Jacquez estate argues that delegating language within the damage limitation provision reiterating that "all disputes regarding availability of compensatory and punitive damages shall be decided by the arbitrator or arbitration panel" is sufficient to read its challenge to the damage limitation to also attack the delegation provision. We disagree. Looking to the Jacquez estate's response to [the d]efendant's motion to compel arbitration below, the arguments focus on the one-sidedness and ensuing substantive unconscionability of the damage limit, as well as challenges to a small claims appeal provision and general procedural unconscionability that were later abandoned. As we read the Jacquez estate's arguments below, nothing about the delegation provision is alleged as one-sided such that the challenges based on unconscionability also meaningfully undermine the delegation clause.

*Id.* ¶ 14. (alterations and omission omitted). Consequently, based on virtually identical contractual arbitration language as in the case at hand, this Court reversed, stating:

> We decline to read [the d]efendants' valid, lawful, and repeated insistence on delegating threshold issues to their detriment by extending the estate's argument beyond its logical reach. Therefore, we also hold that the district court erred in determining that it had the authority to determine the Jacquez estate's threshold issues because of demonstrated clear and unmistakable intent to arbitrate within the contract and the estate's failure to issue a specific challenge to the delegation provision.

*Id.*; *see Strausberg*, 2013-NMSC-032, ¶ 48.

**{18}** Given the agreement language in *Green* and in the present case are the same, and the *Green* court ruled that the district court erred in denying arbitration, we must also reach the same result. Thus, we hold that the district court here also erred in denying arbitration.

**CONCLUSION**

**{19}**  For the above stated reasons and based on the legal authority herein, we reverse and remand with directions to submit the case to arbitration.

**{20}   IT IS SO ORDERED.**

**BRUCE D. BLACK, Judge Pro Tem**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KATHERINE A. WRAY, Judge**